UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOURIGAN, KLUGER AND QUINN, P.C.,<br>          Plaintiff | : INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS (15 U.S.C. § 1114(1)(A)); UNFAIR COMPETITION IN VIOLATION OF FEDERAL LAW (15 U.S.C. § 1125(A)(1)(A));FOR VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(D)(1)(A)); UNFAIR COMPETITION IN VIOLATION OF PENNSYLVANIA STATUTORY LAW; PERMANENT INJUNCTION |
| v. | : |
| DOMAIN DISCREET<br>POST OFFICE BOX 278<br>YARMOUTH, NSB5A 4B2 CANADA,<br>          Defendant | : Jury Trial Demanded<br>:<br>: Case No. |

# COMPLAINT

Plaintiff, Hourigan, Kluger & Quinn, P.C., (hereinafter referred to as HKQ®) brings this action against the above listed Defendant and alleges as follows:

**I.     JURISDICTION AND VENUE**

1.    This Complaint is for an injunction, damages and other appropriate relief to stop Defendant Domain Discreet from infringing HKQ's ® trade and service marks by registering Internet domain names that are identical or confusingly similar to HKQ's® trademarks and service marks, and by using these domain names in bad faith to profit from HKQ's ® marks. In this action, HKQ® asserts violations of the Anti-Cybersquatting and Consumer Protection Act, 15 U.S.C. § 1125(d); of §32 and § 43 Lanham Act, 15 U.S.C. §1114(1) (Trademark Infringement), of § 1125(a) (False Designation of Origin, Unfair Competition/False Advertising); of Pennsylvania Statutory Unfair Competition Law, 54 Pa.C.S. § 1121, 1123, 1124 ; and of Pennsylvania Common Law (Conversion and Unfair Competition) and seeks to have the

Infringing Domain Names houriganklugerquinn.com, houriganklugerquinn.net, houriganklugerquinn.org and houriganklugerquinn.biz, houriganklugerquinn.tv and, houriganklugerquinn.gov returned to Plaintiff..

     2.     This Court has subject matter jurisdiction over HKQ's ® claims pursuant to 15 U.S.C. §1121 and 28 U.S.C.§1331 and § 1338.

     3.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the Commonwealth of Pennsylvania pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from the common nucleus of operative facts.

     4.     This Court has personal jurisdiction over the Defendant which does business in and has contacts with the Middle District of Pennsylvania.

     5.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendant transacts business within this District, targets customers looking for services provided by Plaintiff and otherwise profits off of the domain name of Defendant's trademark and name by directing consumers to products and services which taint and diminish the reputation and goodwill of Defendant. Defendant's activities substantially affect interstate commerce and also have an impact in the Commonwealth of Pennsylvania.  A substantial part of the events or omissions giving rise to HKQ's ® claims occurred in this District; the Infringing Domain Names which are a subject of this litigation were used in the Middle District of Pennsylvania; the Defendant has transacted substantial business including advertisement business in the Middle District of Pennsylvania and generated a profit from advertising dollars, maintains websites and offered for sale other websites that generated substantial income that are regularly visited by people from Pennsylvania and generates income from advertisers who buy space on their websites.

**II.     THE PARTIES**

6.     Plaintiff Hourigan, Kluger & Quinn, P.C. is a Pennsylvania corporation with its principal place of business in Kingston, Pennsylvania.

7.     Domain Discreet with an address of P.O. Box 278, Yarmouth, NS B5A 4B2 Canada, is the registered owner of a web site known as houriganklugerquinn.com, houriganklugerquinn.net, houriganklugerquinn.org and is the registered owner of other similarly named websites with different Top Level Domain Names (hereinafter TLDs) and is registered with ICANN registrar otherwise known as REGISTER.COM, INC. with the principal place of business at register.com, 575 Eighth Avenue, Eighth Floor, New York, New York 10018.

**III.     HOURIGAN, KLUGER & QUINN'S BUSINESS AND TRADEMARKS**

8.     Hourigan, Kluger & Quinn P.C. is a leading law firm in Northeastern Pennsylvania and maintains offices in Scranton, Pennsylvania and Kingston, Pennsylvania. Hourigan, Kluger & Quinn, P.C. practices law before federal and state courts throughout the Commonwealth of Pennsylvania, representing clients throughout Pennsylvania, and performs legal services in the area of medical malpractice, personal injury, workers' compensation, commercial law, labor law, employment law, estates, probate, real estate, commercial banking, zoning and heavily advertises in the print, non-print and electronic media.

9.     Hourigan, Kluger & Quinn, P.C. owns a registration for a trademark and service mark that it uses to identify its service in the marketplace. Among the marks owned by Hourigan, Kluger & Quinn, P.C. are the following registered marks (collectively the HKQ Marks):  HKQ ®; HKQ Kids®

10.     On December 22, 2006, HKQ applied for the registration of the HKQ ® logo which mark consists of the letters HKQ ® with the words Hourigan, Kluger & Quinn, P.C. superimposed thereon and the words *No One Will Work Harder for You* below. United States Trademark Registration No. 3,315,957 was issued on October 23, 2007. On December 22, 2006, HKQ applied for the registration of HKQ Kids® . United States Trademark Registration

No. 3,315,958 was issued on October 23, 2007 (Exhibit A).

11.     Since at least January 1, 1997, HKQ has used in commerce the trademark and service mark Hourigan, Kluger & Quinn ® and or HKQ ® to promote its legal services.

12.     The Hourigan, Kluger & Quinn law firm name and HKQ trademark and service mark are broadly recognized as a brand identifier for legal services.

13.     The houriganklugerquinn.com, houriganklugerquinn.org, houriganklugerquinn.net incorporates the law firm name, the HKQ trademark and service mark; Defendant registered the websites on or about March 13, 2000. The Hourigan, Kluger & Quinn name was well known when the Defendant domain names referred to herein originated.

14.     The HKQ Mark as well as HKQ Kids owned by Hourigan, Kluger & Quinn, P.C. are used in interstate commerce in connection with the sale, offering for sale, and advertising of Hourigan, Kluger & Quinn, P.C.'s legal services and non-profit corporation HKQ Kids®. The HKQ Mark is distinctive and was distinctive at the time of all acts alleged herein. Plaintiff has invested substantial sums of money in developing and marketing the services and marks. As a result of HKQ's substantial investment the HKQ Marks have developed extensive good will in the Market accordingly the HKQ Mark and Hourigan, Kluger & Quinn, P.C. logo are extremely valuable to HKQ.

V.     **HOURIGAN, KLUGER & QUINN'S INTERNET PRESENCE**

15.     HKQ also maintains a substantial presence on the Internet. Via the Internet Hourigan, Kluger & Quinn advertises its services and transacts business with its customers, offers its customers access to many of its services and provides service information in support among other things.

16.     In order to provide its clients with easy access to its services, HKQ registered an Internet domain name otherwise known as HKQPC.com.

17.     This domain name provides HKQ's customers with information related to HKQ's services. The web sites generate business for HKQ and allows HKQ to maintain relationships

with its clients in the Marketplace, other attorneys, law firms and the Courts. The web sites are used to solicit potential clients to the firm.

18. More than 143,000,000 Americans use the Internet and represent the counterfeiter's potential customer base. *Louis Vuitton Malletier v. Veit, 211 F. Supp.2d 567, 577 (E.D. Pa.2002) (citation omitted)*

V. **DEFENDANT'S UNLAWFUL ACTIONS**

19. Defendant is the registrant of numerous Internet domain names that contain or consist of Hourigan, Kluger & Quinn's Marks or intentional misspellings of HKQ's Marks. These domain names are hereinafter referred to as "Infringing Domain Names." Defendant has registered the Infringing Domain Names using the domain name Domain Discreet. Defendant may have registered additional infringing domains using other pseudonyms of which Hourigan, Kluger & Quinn is not currently aware. A representative non-necessarily exhaustive list of the Infringing Domain Names registered by Defendant includes: houriganklugerquinn.net, houriganklugerquinn.com, houriganklugerquinn.org., and other sites with a variety of Top Level Domain Names.

20. Defendant also owns other domain names identical or confusingly similar to Hourigan, Kluger & Quinn's Marks with varying Top Level Domain Names, including but not limited to houriganklugerquinn.tv, houriganklugerquinn.gov, houriganklugerquinn.biz and makes them available for sale. The Infringing Domain Names do not resolve to web sites owned or endorsed by HKQPC.com.

21. Most of Defendant's websites contain numerous advertisements or hyperlinks for a variety of products and services including "Lawyers" and "Accident Lawyers" and other law firms dealing in the same practice areas for which HKQ is known. The persons may click on one of the advertisements for hyperlinks on the site either because the person finds it easier to click on the advertisement or hyperlink than to continue searching for the Hourigan, Kluger & Quinn, P.C. law firm web site or because the person mistakenly believes Hourigan, Kluger & Quinn,

P.C. is authorized to endorse the advertisements or hyperlinks.  In either case the person has been diverted from the Hourigan, Kluger & Quinn web site and HKQ lost that opportunity to interact with this person or to provide its services to that person.

22. On information and belief, Defendant uses the Infringing Domain Names with a bad faith intent to profit from HKQ's Marks.  On information and belief, Defendant receives a payment each time a person clicks on one of the advertisements or hyperlinks that appear on the web site and likewise profits from the sale of Infringing Domain Names.

23. Defendant's bad faith use of the houriganklugerquinn domain name is further evidenced by the use of the domain name in connection with adult and pornographic links or advertisements to sites that are not affiliated or endorsed by Plaintiff. The Infringing Domain Names association with pornographic and adult sites detracts from and brings disrepute upon the Plaintiff's business, name and goodwill.

24. The houriganklugerquinn.com domain name additionally  sponsors the following lawyers and hyperlinks to law firms in the Market or target area of the Hourigan, Kluger & Quinn, P.C. law firm:  lawyers in Teaneck NJ teanecklaw.com, get a free consultation www.lundylaw.com,  Philadelphia Attorneys DexKnows.com, New Jersey Law Firm www.minifirm.com, Find a Lawyer - Free www.LegalMatch.com, Bucks County Attorney ZlockSnyder.com, Lawyer For Injury Cases www.InjuryHelpLineAttorney.com, New Jersey Bankruptcy Law www.SJAbelson.com, we can help with DUI/DWI www.elliotsstomel.com, and PA & NJ Lawyer www.LowAbram.com, Find Lawyers http://FindStuff.com that specialize in personal injury, medical malpractice, and other subject areas similar to the work provided by Hourigan, Kluger & Quinn, P.C.

25. Plaintiff is informed, believes, and alleges that the Defendant has pursued its services in a manner calculated to deceive Plaintiff's customers and members of the general public and that Defendant has copied Plaintiff's trade name and trademark in an effort to make Defendant's infringing services confusing with those of Plaintiff.

26.     Defendant registered the Infringing Domain Names willfully and with the bad-faith intent to profit from the HKQ Marks and Hourigan, Kluger & Quinn, P.C. name.

27.     Plaintiff has made a demand on Defendant to cease and desist using the Infringing Domain Names and to transfer the domain name to Hourigan, Kluger & Quinn, P.C., but Defendant has refused and continues using the Infringing Domain Names.

28.     The natural, probable and foreseeable result of Defendant's wrongful conduct has been to deprive and to continue to deprive the Plaintiff of the benefit of selling its services and to deprive Plaintiff of its goodwill, and to injure Plaintiff's relations with present and prospective customers. Plaintiff is informed, believes and alleges that unless enjoined by the Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the Plaintiff's tradename, likeness and marketing strategy. As a result, Plaintiff has no adequate remedy at law to redress all of the injuries Defendant has caused and will continue to cause.

## VI. FIRST CLAIM FOR RELIEF
## CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT – 15 U.S.C. § 1125(d)

29.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 28 above.

30.     Defendant has registered and used the Infringing Domain Names with the bad-faith intent to profit from the Hourigan, Kluger & Quinn, P.C. and HKQ Marks.

31.     The HKQ and Hourigan, Kluger & Quinn, P.C. were distinctive at the time Defendant registered the Infringing Domain Names and remain distinctive today.

32.     The Infringing Domain Names were identical or confusingly similar to the HKQ Marks at the time Defendant registered the Infringing Domain Names and remain so today.

33.     Plaintiff is informed and believes and based thereon alleges that Defendant, with a bad faith intent to profit from the HKQ trademark, used the mark in commerce to attract potential customers to its site, and that Defendant registered and later put up for sale a domain name that is

confusingly similar to and dilutive of Plaintiff's registered trademark.

34.  Plaintiff's mark is distinctive and has been distinctive from the time the Defendant registered the Infringing Domain Names.

35.  As a direct and proximate result of the forgoing acts by Defendant, Plaintiff has been damaged in an undetermined amount. Plaintiff will seek leave to amend the complaint when such damages have been ascertained, or in the alternative, may seek statutory damages of up to $100,000.00 per infringing domain name and $1,000,000.00 for wilful use of each counterfeit mark.  Plaintiff is entitled to the transfer of the domain name back to its control, pursuant to 15 U.S.C. § 1125(d)(1)( c ).

36.  Defendant's registration and use of the Infringing Domain Names has caused and will continue to cause damage to HKQ and the Hourigan, Kluger & Quinn, P.C. law firm in an amount to be proven at trial and is causing irreparable harm to HKQ for which there is no adequate remedy at law.  HKQ is also entitled to statutory and treble damages and is also entitled to the transfer of the Infringing Domain Names to Hourigan, Kluger & Quinn, P.C.

## VII. SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT – 15 U.S.C. § 1114

37.  HKQ realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 36 above.

38.  Defendant's use of the HKQ® Marks, domain name, and counterfeits of the Hourigan, Kluger & Quinn name to promote, advertise, market or sell products and services in commerce constitutes trademark infringement pursuant to 15 U.S.C. § 1114.  Defendant's intentional and willful infringement of the HKQ Marks and Hourigan, Kluger & Quinn name has caused and will continue to cause irreparable harm and damages to HKQ® in an amount to be proven at trial and is causing irreparable harm to HKQ®,  unless restrained or enjoined by this Court, Defendant will persist in its infringement of HKQ®  federal registered service marks thereby causing HKQ® further irreparable harm in violation 15 U.S.C. § 1114(1), for which

there is no adequate remedy at law.  HKQ ® is also entitled to statutory and treble damages and injunctive relief.

## VIII. THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT – 15 U.S.C. § 1125(a)

39.     HKQ realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 38 above.

40.     Defendant has used and continues to use the Hourigan, Kluger, & Quinn name and HKQ Marks in connection with goods or services in commerce in a manner that it likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services.

41.     Hourigan, Kluger & Quinn, P.C. has been damaged by these acts in an amount to be proven at trial.  HKQ is entitled to injunctive and equitable relief against the Defendant, plus costs of the suit and Defendant's profits.

## IX. FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION/FALSE ADVERTISING UNDER THE LANHAM ACT
## 15 U.S.C. § 1125(a)

42.     HKQ realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 41 above.

43.     Defendant has used and continues to use the Hourigan, Kluger and Quinn name and HKQ Marks in connection with goods or services in false and misleading descriptions of representations of fact in commercial advertising and promotion, thereby misrepresenting the nature, characteristics, and qualities of its goods, services or commercial activities.

44.     Defendant has at all times acted in bad faith, oppressively and maliciously towards Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendant in an amount to be proven at trial plus attorney's fees and Defendant's profits and costs of suit.

45.     The actions of Defendant as described herein above constitute unfair competition

in violation of § 43 (a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

46.  HKQ has been damaged by these acts in an amount to be proven at trial.  HKQ also is entitled to injunctive and equitable relief against the Defendant.

## X.  FIFTH CLAIM FOR RELIEF
## 54 Pa. C.S.A. § 1124

47.  HKQ realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 46 above.

48.  The acts and conduct of Defendant as alleged and pled in this Complaint constitute unfair competition as defined by Pennsylvania statute, 54 Pa. C.S.A. § 1124.

49.  The acts and conduct of Defendant are likely to cause confusion and mistake among customers, end users, and the public as to the origin or association of Defendant's Infringing HKQ Domain Name.  The acts and the conduct of the Defendant are likely to lead the public to conclude incorrectly that the infringing HKQ Trademark originates with, are sponsored by, or are authorized by Plaintiff, to the damage and harm of the Plaintiff and the public.

50.  As a result,  Defendant should be required to disgorge any profit or gain obtained as a result of the wrongful activity and enjoined from use of the HKQ name.

## XI. SIXTH CLAIM FOR RELIEF
## CONVERSION

51.   HKQ realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 50 above.

52.  Defendant has willfully interfered with and converted HKQ's personal property, without lawful justification, as a result of which HKQ has been deprived of possession and use of its property.

53.  As a result of Defendant's actions,  HKQ has been damaged in an amount to be proven at trial.

### XII. SEVENTH CLAIM FOR RELIEF
### PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

54. HKQ realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 53 above.

55. The acts and conduct of Defendant as alleged in this Complaint constitute unfair competition pursuant to the common law of Pennsylvania. Defendant's use of the HKQ Mark has infringed on their distinctive features in a manner that tends to confuse, in the public mind, Defendant's products and advertising with HKQ's services and advertising. Defendant's conduct has caused and will continue to cause damage and irreparable harm to HKQ and illicit gain of profit to Defendant and is causing irreparable harm to HKQ for which there is no adequate remedy at law and such irreparable injury will continue unless Defendant is enjoined by this Court.

### XIII.  RELIEF

WHEREFORE, HKQ respectfully requests that the Court enter judgment against Defendant as follows:

1. That the Court issue temporary and permanent injunctive relief against the Defendant and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assigns and all others in active concert or participation with the Defendant be enjoined and restrained from:

(a) using HKQ's trademarks, trade names or service marks or any version thereof in connection with the description, marketing, promotion, advertising or sale of any of its products or services;

(b) infringing HKQ's trademark and service marks;

(c) registering any domain names that are identical or confusingly similar to Hourigan, Kluger & Quinn, P.C. or HKQ including but not limited to domain names containing HKQ's Marks or domains containing the spellings of HKQ's Marks;

   (d) assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in Subparagraphs a through c above.

   2. That the Court order the forfeiture or cancellation of the Infringing Domain Names or the transfer of the Infringing Domain Names to Hourigan, Kluger & Quinn;

   3. That the Court award HKQ actual damages, liquidated damages, statutory damages and disgorgement of Defendant's profits in an amount to be proven at trial;

   4. That the Court award Hourigan, Kluger & Quinn treble damages in an amount to be proven at trial pursuant to § 35A of the Lanham Act.

   5. That the Court award HKQ its attorney's fees and costs incurred herein; and

   6. That the Court grant HKQ all the relief as to which it is entitled and such other additional relief as is just and proper.

               Respectfully submitted,

               Hourigan, Kluger & Quinn, P.C.


               BY:_____
               Richard Williams
               I.D. No. 72945
               Kelly M. Ochreiter
               I.D. No. 200565
               Attorney for Plaintiff
               600 Third Avenue
               Kingston, PA 18704
               (570) 287-3000
               (570) 287-8005

E                                        XHIBIT A

Int. Cl.: 45

Prior U.S. Cls.: 100 and 101

Reg. No. 3,315,957

**United States Patent and Trademark Office**    Registered Oct. 23, 2007

SERVICE MARK
PRINCIPAL REGISTER



HOURIGAN, KLUGER & QUINN, PC
No One Will Work Harder for You

HOURIGAN, KLUGER & QUINN, PC (PENNSYLVANIA PROFESSIONAL CORPORATION)
600 THIRD AVENUE
KINGSTON, PA 18704

FOR: LEGAL SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 12-11-2006; IN COMMERCE 12-11-2006.

OWNER OF U.S. REG. NOS. 2,198,651 AND 2,879,689.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PC", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LETTERS HKQ WITH THE WORDS HOURIGAN, KLUGER & QUINN, PC SUPERIMPOSED THEREON AND THE WORDS NO ONE WILL WORK HARDER FOR YOU BELOW.

SER. NO. 77-070,675, FILED 12-22-2006.

AMY HELLA, EXAMINING ATTORNEY