IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOURIGAN, KLUGER AND QUINN, P.C.,<br>Plaintiff, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS (15 U.S.C. § 1114(1)(A)); UNFAIR COMPETITION IN VIOLATION OF FEDERAL LAW (15 U.S.C. § 1125(A)(1)(A));FOR VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. §1125(D)(1)(A)); UNFAIR COMPETITION IN VIOLATION OF PENNSYLVANIA STATUTORY LAW; PERMANENT INJUNCTION |
| v. | : | |
| DOMAIN DISCREET<br>POST OFFICE BOX 278<br>YARMOUTH, NS B5A 4B2 CANADA,<br>Defendant | : <br> : <br> : <br> : | Jury Trial Demanded <br><br> Case No. 3:08-CV-1753 |

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") made and executed this ___19th___ day of ___November___, 2008, by and between HOURIGAN, KLUGER & QUINN, P.C., a professional corporation having an address situate at 600 Third Avenue, Kingston, Pennsylvania 18704 (the "Plaintiff") and DOMAIN DISCREET, having an address of P.O. Box 278, Yarmouth, Nova Scotia B5A 4B2 (the "Defendant"). (The Plaintiff and the Defendant are sometimes collectively referred to herein as the "Parties" or individually as a "Party".)

### W I T N E S S E T H:

WHEREAS, on or about September 23, 2008, the Plaintiff filed an action docketed to No. 3:08-CV-1753 in the United States District Court, Middle District of Pennsylvania, pursuant to the Anti-Cybersquatting and Consumer Protection Act, the Lanham Act, the Pennsylvania Statutory Unfair Competition Law and Pennsylvania common law (the "Action"); and

843025.1

WHEREAS, the complaint (the "Complaint") filed by the Plaintiff in the Action sought: (i) temporary and permanent injunctive relief against the Defendant restraining the Defendant from using the Plaintiff's trademarks, trade names or service marks; (ii) temporary and permanent injunctive relief against the Defendant restraining the Defendant from registering any trade names that are identical or confusingly similar to Hourigan, Kluger & Quinn, P.C., (iii) the transfer of certain domain names to the Plaintiff; and (iv) monetary damages including costs and attorneys' fees; and

WHEREAS, the Parties recognize that there remain certain questions of fact and law to be determined with respect to the Action; and

WHEREAS, the Parties have agreed to resolve their mutual differences and release each other from liability relative to the Action subject to the terms and conditions contained herein.

NOW, THEREFORE, in consideration of the mutual promises hereinafter contained, and other good and valuable consideration, the adequacy and receipt of which is hereby acknowledged, the Parties hereto, with the intent of being legally bound, hereby covenant and agree as follows:

1. Immediately upon execution of this Agreement, the Defendant, at its sole cost and expense, shall transfer to Plaintiff the domain names houriganklugerquinn.com and houriganklugerquinn.net.

2. Within five (5) business days of transfer by the Defendant of the domain names specified in Paragraph 1, the Plaintiff shall file any and all documentation necessary to mark the Action settled and discontinued.

3. In consideration of the terms and conditions contained herein, each Party does hereby remise, release and forever discharge the other Parties, their current, former and future servants, agents, executers, officers, employees, managers, general managers, shareholders, administrators, insurers and assigns, of and from, any and all manner of actions and causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or equity, known or unknown in respect of or related to the Action and to the Complaint.

843025.1

2

4.  Each Party hereby acknowledges that this Agreement shall not be construed as an admission by any other Party of any liability or wrongdoing whatsoever and that this Agreement is made as a mutual compromise of the disputed claims of the Parties in order to avoid the expense of further litigation and to terminate any and all controversy between the Parties.

5.  Should any Party fail to comply with any provision(s) of this Agreement, after execution, the Parties shall be entitled to proceed with the exercise of all remedies available to them at law or in equity.

6.  The Parties hereby acknowledge and represent that this Agreement is executed without reliance upon any agreement, promise, statement or representation by or on behalf of any Party except as set forth herein, and each of the Parties hereto acknowledges that no other Party hereto nor any agent nor attorney of such has made any promises, representations or warranties whatsoever, whether expressed or implied, which are not contained herein in writing concerning the matters herein set forth.

7.  The Parties further acknowledge and agree that they have had the opportunity to consult with counsel of their choice concerning their legal rights and the legal effect of this Agreement and that the Parties waive their rights and enter into this Agreement voluntarily and with a full and complete understanding of the effect of this Agreement on their legal rights.

8.  Should any portion, word, clause, phrase or sentence of this Agreement be declared void or unenforceable, such portions shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

9.  This Agreement may not be amended, altered, modified or otherwise changed except in writing executed by counsel for all Parties hereto and expressly stating that it is an amendment to this Agreement. The Parties agree and acknowledge that they will make no claim, and hereafter waive any

right they now have and may hereafter have based upon any alleged oral alteration, oral amendment, oral modification or any other changes based upon any alleged oral warranty, representations or promise except set forth expressly in this Agreement.

10. The terms and conditions contained in this Agreement shall apply to and bind the heirs, successors, executors, administrators and assigns of the parties hereto.

11. The terms and conditions of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

*IN WITNESS WHEREOF*, and intending to be legally bound thereby, the Parties have hereto set their hands and seals the day and year first above written.

| WITNESS: | HOURIGAN, KLUGER & QUINN, P.C. |
|---|---|
| *[signature]* | BY: *[signature]* |

| WITNESS: | DOMAIN DISCREET |
|---|---|
| *[signature] Jennifer Denis* | BY: *[signature]* Steven Vine |

843025.1

4